UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| ROCKEFELLER PHOTOS, LLC, <br><br> Plaintiff, <br><br> vs. <br><br> DAKOTAMART, INC, <br><br><br> Defendant and <br> Third Party Plaintiff, <br><br><br> SEATON PUBLISHING COMPANY, INC., <br><br><br> Third Party  Defendant. | 5:25-CV-05082-CBK <br><br><br> **MEMORANDUM OPINION AND ORDER** |

Plaintiff has filed a proposed amended complaint consisting of 197 pages.  The original pending complaint consists of 9 pages and 174 pages of so-called attachments so that the total pending complaint totals 183 pages .  Both these documents are grossly excessive and in violation of Federal Rule of Civil Procedure 8.  The rule provides that a claim for relief must contain "a short and plain statement of the grounds for the court's jurisdiction . . . and a short and plain statement of the claim showing that the pleader is entitled to relief . . ."  Plaintiff is using evidentiary material as part of the complaints which material would be disclosed in discovery procedures and later perhaps as trial exhibits.

Discovery material is generally not filed in federal court.  Attaching evidentiary material, especially reams of material, to the complaint subverts that rule as well as Rule 8.  I will not reward or permit this behavior.  I realize that there is some tension between Rule 8 and the cases of Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 127 S. Ct. 1955, 1964-65, 167 L.Ed.2d 929 (2007) (Rule 8 does not require "detailed factual allegations," but "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.") and Ashcroft v.

<u>Iqbal</u>,556 U.S. 662, 678, 129 S.Ct. 1937, 1949, 173 L.Ed.2nd 868 (2009) ("the pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation.")  Rule 8 still applies in this case.

I do not know whether either attorney for plaintiff has read the Court's Standard Operating Procedures although the Clerk's office routinely reminds counsel to obtain and use them.  On the other hand, if they did obtain them and read them, they have clearly violated one rule.

Here it is: "20)  If you are seeking to <u>drop or add a party</u>, proceed under Fed.R.Civ.P. §21.  Too often, counsel try to add a party by amending the complaint.  This is improper.  Pleadings and Motions are dealt with under Part III of the Federal Rules.  Parties are dealt with under Part IV of the Rules.  You can certainly move to add a party under Rule 21 and, contingent upon such motion being granted, move for leave to serve and file an amended complaint."

I apologize to counsel for not having looked at the original complaint sooner and taking corrective action.

I have considered monetary sanctions but will not impose them.  It is, however, necessary to dismiss this action without prejudice, hopefully to serve as a learning experience for counsel.

NOW, THEREFORE, IT IS ORDERED AS FOLLOWS:

1) The pending motion (Doc. 22) to file and serve an amended complaint is denied.

2) The third party complaint (Doc. 25) is dismissed without prejudice.

3) This action is dismissed without prejudice.

DATED this 4th day of June, 2026.

BY THE COURT:

CHARLES B. KORNMANN
United States District Judge